UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN P. MERRILL, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Defendant. )<br>_____ ) | Civil Action No.<br>**03-12652-RCL** |

## AMENDED JOINT RULE 16.1 STATEMENT

The parties in this action submit the following Joint Statement pursuant to Local Rule 16.1 and the Court's Order of March 8, 2004:

1. **Summary of the Positions of the Parties**:

    a. *Plaintiff's Position*: This is an action under the Federal Tort Claims Act for damages sustained by the Plaintiff as a result of her having been subjected to non-therapeutic, human experimentation at a United States Army facility in January of 1999. The experiment involved subjecting human subjects to an unusual form of exercise, referred to as "*eccentric exercise.*" The Plaintiff contends that, at the time of the experiment, the Defendant and its experimenters knew, based upon prior experience with military recruits and existing studies, that eccentric exercise causes conditions including muscular/skeletal damage and disease, protracted muscle weakness, kidney damage, renal failure, and a potentially fatal disease known as "*acute exertional rhabdomyolysis.*" The Plaintiff contends

that the Defendant and its experimenters did not provide this information to her, and thus failed to secure her informed consent under the applicable law, as cited at paragraph 28 of the Complaint. The Complaint alleges that, as a result, she was subjected to the experiment and contracted acute rhabdomyolysis, requiring an emergency admission to intensive care and causing significant physical problems and medical expenses that continue to the present day. As detailed within the Complaint, the Plaintiff's position is that the Defendant's failure to secure her informed consent constituted an invasion of privacy, under the law cited at paragraph 27 of the Complaint, and an act of negligence, for which she is entitled to monetary relief.

b.     *Defendant's Position*: The Defendant disputes the Plaintiff's allegations concerning the underlying circumstances and denies that the Defendants breached any duty of care or other obligation owed to the Plaintiff.

2.  **Proposed Discovery Plan**

    a.     Automatic disclosure statements and discovery shall be served on or before April 20, 2004, pursuant to the Court's Scheduling Order;

    b.     All interrogatories and request for product ion of documents shall be served by October 29, 2004;

    c.     Any Amendments pursuant to Fed. R. Civ. P. 15 shall be made by June 30, 2004;

    d.     All depositions shall be completed by January 28, 2005; and

  e. A final pretrial conference shall be scheduled after decisions are rendered on a motion for summary judgment.

3. **Number of Depositions**

  a. The plaintiff intends to take written discovery and is unable to identify with certainly particular deponents at this juncture.

  b. Defendant intends to depose plaintiff and any witnesses she identifies as to her damages (the defendant may depose any fact witnesses that are no longer employees of the defendant).

Since no discovery has yet occurred, the parties cannot identify possible deponents with greater specificity at this time.

4. **Consent to Trial By Magistrate**

  a. The plaintiff does not consent to a trial by magistrate in this case.

  b. The defendant does not consent to a trial by magistrate in this case.

5. **Proposed Schedule for Motions**

  a. All dispositive motions are to be filed by April 8, 2005.

6. **Designation of Experts**

  a. Expert witnesses shall be identified by the plaintiff on or before August 30, 2004.

  b. If necessary, the defendant shall have until September 30, 2004 in which to obtain an expert.

  c. If necessary, expert interrogatories shall be served within one month following the opposing party's disclosure of expert witnesses.

7. **Final PreTrial Conference**

   a.  The Final Pretrial Conference will be scheduled by the Court following all hearings on dispositive motions.

                                    Respectfully submitted,

| ELLEN P. MERRILL, | UNITED STATES OF AMERICA, |
|---|---|
| By her Attorneys, | By its Attorneys, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
| *[signature]*<br>James F. Ring, Esq.<br>Chu, Ring & Hazel, LLP.<br>49 Melcher Street<br>Boston, MA 02210<br>(617) 443-9800 x 225 | *[signature]*<br>Rayford A. Farquhar<br>Assistant U.S. Attorney<br>1 Courthouse Way, Suite 9200<br>(617) 748-3284 |

## CERTIFICATE OF SERVICE

Suffolk, ss.                                    Boston, Massachusetts
                                                April 19, 2004

I, James F. Ring, do hereby certify that I have served a copy of the foregoing Ameded Joint Rule 16.1 Statement upon Defendant's counsel, Rayford A. Farquhar, Assistant United States Attorney, by causing a copy thereof to be sent via telefax and first class mail.

                                    *[signature]*
                                    James F. Ring

## LOCAL RULE 7.1 CERTIFICATION

I, James F. Ring, do hereby state that on April 19, 2004, I received confirmation from Rayford A. Farquhar, Assistant United States Attorney that he agreed with this Amended 16.1 Joint Statement and that he assented to me filing the same.

                                    *[signature]*
                                    James F. Ring

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELLEN P. MERRILL, )
  )
　　Plaintiff, )
  )
v. )   Civil Action No.
  )   03-12652-RCL
UNITED STATES OF AMERICA, )
  )
　　Defendant. )

## DEFENDANT'S CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3)

Defendant, United States of America, and its counsel certify, pursuant to Local Rule 16.1(D)(3), that they have conferred on the following:

1. establishing a budget for the costs of conducting the full course, and various alternatives, of this litigation; and,

2. to consider the resolution of litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

UNITED STATES OF AMERICA,

By its Attorney,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

_____          _____
Captain William Alford, Esq.             Rayford A. Farquhar
Attorney                                  Assistant U.S. Attorney
United States Army                        1 Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          (617) 748-3284

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN P. MERRILL<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant | Civil Action No.<br>03-12652-RCL |

### PLAINTIFFS' CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(d)(3)

Plaintiff, Ellen P. Merrill, and her counsel hereby certify, pursuant to Local Rule 16.1(D)(3), that they have conferred with respect to establishing a budget for conducting the full course – and various alternative courses – of the litigation, and have conferred with respect to the possibility of seeking to resolve the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,

_____
Ellen P. Merrill
(Plaintiff in the above-
captioned action)

Respectfully submitted

_____
James F. Ring (#542569)
CHU, RING & HAZEL LLP
49 Melcher Street
Boston, MA  02210
(617) 443-9800 ext 225

*Certificate of Service*

I hereby certify that on this 14th day of April, 2004, I served the foregoing Certification by causing a copy thereof to be delivered by hand to all counsel of record.

_____
James F. Ring

# Chu, Ring & Hazel LLP

49 Melcher Street
Boston, Massachusetts 02210 USA

617/443-9300  TELEPHONE
617/443-9340  TELECOPY

April 19, 2004

<u>By Hand</u>

Don Stanhope
Clerk to the Hon. Reginald C. Lindsay
United States District Court for the District of Massachusetts
U.S. Courthouse
One Courthouse Way
Boston MA 02210

    Re: *Ellen P. Merrill v United States of America.*
        *United States District Court Mass. Civil Action No.* **03CV-12652-RCL**

Dear Mr. Stanhope:

    Enclosed please find for filing in the above-referenced matter the following document:

    *Amended Joint Rule 16.1 Statement.*

    Please note that this matter is presently scheduled for a Rule 16 conference at 2:30 PM on Wednesday, April 21, 2004. The parties agree that it would be more appropriate for the Court to utilize the enclosed Amended Joint Rule 16.1 Statement in connection with that conference, rather than the original Joint Statement that the parties filed last week, as the enclosed version is more complete.

    Thank you for your consideration and courtesy in this matter.

                                        Very truly yours,

                                        James F. Ring

JFR/pmf
Encl.
cc: Rayford A. Farquhar Esq.
    (via fax, with enclosure)